UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| TONYA RICKERT, | ) |
|       Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 3-16-CV-453-DJH ) |
| NORTON HEALTHCARE, INC. | ) ) |
|       Defendant. | ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Tonya Rickert ("Rickert"), by counsel, brings this action against Defendant, Norton Healthcare, Inc., alleging violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.* and the Kentucky Civil Rights Act.

**II. PARTIES**

2. Rickert is a resident of Jefferson County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 42 U.S.C. §12117.

5. Jurisdiction is conferred on Rickert's state law claims pursuant to 28 U.S.C. §1367 because her state law claims arise from the same common nucleus of operative facts as

her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by KRS 344.030(2) and 42 U.S.C. §12111(5)(A).

7. Rickert was an "employee" as that term is defined by KRS 344.030(5) and 42 U.S.C. §12111(4).

8. Rickert is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Rickert's disability and/or regarded Rickert as being disabled and/or Rickert has a record of being disabled

9. Rickert satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination and retaliation. Rickert received the required Notice of Sue Rights and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

### IV.     FACTUAL ALLEGATIONS

11. Rickert was hired by Defendant on or about October 20, 2014 as a Clinical Research Nurse. At all relevant times, Rickert met and/or exceeded Defendant's legitimate performance expectations.

12. Rickert has been diagnosed with anemia, depression and anxiety. Rickert's diagnoses of anemia, depression and anxiety became severe in or about 2004.

13. Beginning in or about January 2015, Dana Haycraft, a co-worker, began making

comments to Rickert concerning her diagnosis of depression and anxiety. Specifically, Ms. Haycraft stated, "[I]t's stupid you're crying. You need to suck it up," "You're being ridiculous. You need to put your big girl panties on," "You need to be medicated," and "Your doctor needs to increase your medications because they are not working." In regards to Rickert's daughter's diagnosis of anxiety, Ms. Haycraft stated to Rickert, "[I] wonder where she gets that from. I guess you rubbed off on her."

14. Ms. Haycraft would additionally mock Rickert for her need of ice chips when her anemia flared-up.

15. Rickert consistently reported Ms. Haycraft's behavior to the Human Resources Department, but no corrective action was taken against Ms. Haycraft. Thereafter, Ms. Haycraft continued to make comments concerning Rickert's disabilities.

16. On or about July 4, 2015, Ms. Haycraft provided Rickert with her login information, so Rickert could have access to Ms. Haycraft's patient files in order to care for them while she was on vacation.

17. In or about July 2015, Rickert had to undergo an expected audit of her job performance. None of Rickert's similarly-situated co-workers were audited.

18. On or about August 26, 2015, Rickert was presented with an evaluation and told to sign it. Rickert was additionally told that her refusal to sign would result in her being placed on job placement leave. Rickert refused to sign the evaluation as it contained false items.

19. On or about September 8, 2015, Rickert's immediate supervisor, Juli Brown, ordered Rickert to use Ms. Haycraft's login information to retrieve instant messages containing comments about Rickert. Rickert had previously advised Ms. Brown that she saw instant messages on Ms. Haycraft's computer due to the proximity of the cubicles wherein Ms. Haycraft

was instant messaging another co-worker about Rickert. After retrieving the instant messages as ordered, Rickert's employment was terminated.

20. Defendant's company policy states that providing your login information to a co-worker will result in termination. Ms. Haycraft was not terminated for providing her login information to Rickert as the company policy specifically required. In addition, Ms. Brown did not receive disciplinary action for ordering Rickert to use Ms. Haycraft's login information.

21. Rickert was placed on the "no rehire list" as a result of her termination.

## V. CAUSES OF ACTION

### COUNT I: ADA- DISABILITY DISCRIMINATION

22. Rickert hereby incorporates by reference paragraphs one (1) through twenty-one (21) as if the same were set forth at length herein.

23. Rickert was discriminated against because of her disabilities.

24. Rickert was subjected to a hostile work environment due to her disabilities.

25. Defendant willfully and intentionally discriminated against Rickert on the basis of her disabilities in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

26. Rickert has suffered damages as a result of Defendant's actions.

### COUNT II: KCRA- DISABILITY DISCRIMINATION

27. Rickert hereby incorporates by reference paragraphs one (1) through twenty-six (26) as if the same were set forth at length herein.

28. Rickert was discriminated against because of her disabilities.

29. Rickert was subjected to a hostile work environment due to her disabilities.

30. Defendant willfully and intentionally discriminated against Rickert on the basis of

her disabilities in violation of the KCRA, KRS 344.040.

31. Rickert has suffered damages as a result of Defendant's actions.

### COUNT III: RETALIATION IN VIOLATION OF THE ADA

32. Rickert hereby incorporates by reference paragraphs one (1) through thirty-one (31) as if the same were set forth at length herein.

33. Defendant retaliated against Rickert for having complained of disability discrimination.

34. Defendant's actions violated the anti-retaliation provisions of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq*.

35. Defendant's actions were intentional, malicious, and done with reckless disregard for Rickert's legally protected rights.

36. Rickert suffered damages as a result of Defendant's actions.

### COUNT IV: RETALIATION IN VIOLATION OF THE KCRA

37. Rickert hereby incorporates by reference paragraphs one (1) through thirty-six (36) as if the same were set forth at length herein.

38. Defendant retaliated against Rickert for having complained of disability discrimination.

39. Defendant's actions violated the anti-retaliation provisions of the KCRA, KRS 344.280(1).

40. Defendant's actions were intentional, malicious, and done with reckless disregard for Rickert's legally protected rights.

41. Rickert has suffered damages as a result of Defendant's actions

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Tonya Rickert, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Rickert to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Rickert of front pay in lieu thereof;

2. Compensatory, consequential and emotional distress damages to Rickert;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Punitive damages for violations of the ADA;

5. Costs and attorney's fees incurred as a result of bringing this action;

6. Pre- and post-judgment interest on all sums recoverable; and

7. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych
Andrew Dutkanych
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561-3418
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

By: /s/ Krista A. Willike
Krista A. Willike
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561-3443
Facsimile: (502) 561-3444
Email: kwillike@bdlegal.com
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

  Plaintiff, Tonya Rickert, by counsel, requests a trial by jury on all issues deemed so triable.

               Respectfully submitted,

               BIESECKER DUTKANYCH & MACER, LLC

               By: /s/ Andrew Dutkanych
               Andrew Dutkanych
               101 North Seventh Street
               Louisville, Kentucky 40202
               Telephone: (502) 561-3418
               Facsimile: (812) 424-1005
               Email: ad@bdlegal.com

               By: /s/ Krista A. Willike
               Krista A. Willike
               101 North Seventh Street
               Louisville, Kentucky 40202
               Telephone: (502) 561-3443
               Facsimile: (502) 561-3444
               Email: ad@bdlegal.com
               kwillike@bdlegal.com
               *Counsel for Plaintiff*

Date: 7/13/16.